16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald D. HALL, Defendant-Appellant
 No. 93-3083.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1994.
 
 Before: MERRITT, Chief Judge; SUHRHEINRICH, Circuit Judge, and WELLFORD, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 The defendant, Donald Hall, challenges the sufficiency of the evidence which resulted in his convictions for mail fraud in violation of 18 U.S.C. Sec. 1341, and for using a false social security number in violation of 42 U.S.C. Sec. 408(a)(7)(B). Hall also appeals the District Court's refusal to sever these counts at trial. The jury convicted on five of the six counts in the indictment, and the District Court sentenced Hall to 16 months on each count, all counts running concurrently.
 
 
 2
 Hall was convicted of mail fraud for a scheme to defraud Allstate by reporting that his 1986 Searay boat had been stolen. Allstate paid over $22,000 for the boat, which Hall reported to be in good condition at the time of the alleged theft. Hall procured the insurance policy which covered the boat using his son's social security number. In addition, he registered the boat, boat trailer, and another vehicle under his son's social security number.
 
 
 3
 Hall reported the boat stolen in September of 1989. In May of 1990, eight months after the alleged theft, Hall attempted to store the boat at a facility in Somerset, Kentucky. He left the vessel in a slip at a storage facility without prior permission, and then contacted the facility's owner under an assumed name. In September, 1990, the boat was located on a farm in Mt. Vernon, Kentucky. Mr. Bullock, the farm's owner, testified that Hall approached him in June of 1990 about storing his boat temporarily. Bullock agreed to temporarily store the boat, but Hall never returned for it. In September, Bullock contacted the police who confiscated the boat and delivered it to Allstate. When the company contacted Hall, he denied any knowledge of the boat's recovery.
 
 
 4
 Hall's first argument is that his possession of the boat eight months after reporting it stolen is insufficient proof upon which to base a conviction for mail fraud. The thrust of defendant's position is that the government failed to prove that he intended to defraud Allstate at the time he mailed his claims and proof of loss to the company. In essence, defendant asserts that there is only proof that the did not report the recovery of his boat, but none that he intended to defraud at the time the claims were mailed.
 
 
 5
 The jury inferred from the evidence that defendant had defrauded Allstate by filing a false claim. The government need not show where the boat was located at every given point in time, nor can it be required to prove the exact location of the boat at the moment Hall mailed the false claim. The defendant's actions during the period after reporting the "theft" strongly support the inference that he defrauded Allstate and are sufficient evidence to support the conviction in this case.
 
 
 6
 Hall also argues that the false social security counts cannot be sustained because he did not personally "fill in" any of the numbers. For example, there was testimony that he gave an insurance agent the wrong number over the phone, but he did not fill out any form himself. He also attaches importance to the fact that the boat and trailer registrations were "re-registrations." Consequently, Hall argues, there is no proof of "intent" to use a false social security number. The defendant's "oral falsification" is no less culpable than a "written falsification," nor is it important that Hall signed "pre-printed forms when it is perfectly clear that he is the one who provided the false information.
 
 
 7
 Hall argues that the District Court erred by not severing the mail fraud and false social security number counts. The District Court traditionally receives considerable deference on such rulings. United States v. Wirsing, 719 F.2d 859, 864 (6th Cir.1983); United States v. McCoy, 848 F.2d 743, 744 (6th Cir.1988). The record reflects that the charges were in fact related, and thus should not have been severed. One of the social security number fraud counts involved the registrations of the "stolen" boat and trailer, while another involved the underlying insurance policy. This is a sufficient nexus to charge these counts together as there are common facts involved between the counts.
 
 
 8
 For the reasons stated above, the judgment of the District Court is AFFIRMED.